1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Cherie Harbaugh,                          No. CV-19-04720-PHX-JAT

10           Plaintiff,                      **ORDER**

11  v.

12  Pacific Capital Enterprises LLC, et al.,

13           Defendants.

14

15     Pending before the Court is Plaintiff Cherie Harbaugh's ("Plaintiff") Application

16  for Entry of Default Judgment against Defendants Pacific Capital Enterprises, LLC,

17  ("Pacific"), Superior Diamond Management, LLC, and Michael Barry Eckerman and

18  Tonya Eckerman ("Defendants"). (Doc. 19). The Court now rules on the application.

19  **I.    BACKGROUND**

20     The factual allegations here are rather few. According to Plaintiff, she worked as an

21  inside salesperson for Pacific from May 2018 to September 2019. (Doc. 1 at 4). Superior

22  Diamond Management, LLC was Pacific's manager and Michael Eckerman was its CEO.

23  (*Id.* at 3). Plaintiff generally alleges that while she worked for Pacific, Defendants did not

24  pay her "her earned wages including her earned overtime pay and minimum wage." (*Id.* at

25  4). She also states that Defendants "failed to make, keep, and preserve records of the hours

26  [she] actually worked." (*Id.* at 5).

27     Plaintiff filed a complaint in this Court on July 15, 2019 bringing claims under the

28  Federal Labor Standards Act of 1938 ("FLSA"), Arizona's wage statute, and common-law

claims for breach of contract, violation of the implied covenant of good faith and fair dealing, and unjust enrichment. (Doc. 1 at 2). No Defendant answered and the Clerk of the Court entered default on January 8, 2020. (Doc. 17). No Defendant has moved to set aside the default. Plaintiff now moves under Federal Rule of Civil Procedure ("Rule") 55 for entry of default judgment.

## II.    DEFAULT JUDGMENT

Once the clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b) on amounts that are not for a sum certain. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering these factors, Defendants are deemed to have admitted all well-pleaded allegations in the complaint, but do not admit allegations related to damages or those that do no more than "parrot" the elements of a claim. *DirecTV v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

"The second and third Eitel factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. 18-cv-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). These two factors may favor entering default judgment when, considering the complaint and subsequently submitted affidavits, a plaintiff shows a plausible claim for

relief. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also J & J Sports Prods., Inc. v. Molina*, No. CV15-0380 PHX DGC, 2015 WL 4396476, at *1 (D. Ariz. July 17, 2015) (considering affidavits attached to the motion for default judgment). In her application for entry of default judgment, Plaintiff only seeks relief under the FLSA and Arizona's wage statute. Thus, the Court will analyze those claims only.

The FLSA seeks both to "compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948). To accomplish these goals, the FLSA prevents covered employers from forcing their employees to labor "for a workweek longer than forty hours unless such employee receives compensation for [her] employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [she] is employed." 29 U.S.C. § 207. An employer who violates this statutory imperative "shall be liable to the employee . . . affected in the amount of [her] unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (explaining that the liquidated damages provision recognizes "failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being") (footnote omitted). In a similar fashion, Arizona law provides that "if an employer . . . fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S § 23-355(A).

The pleading standards for FLSA claims are governed by *Landers v. Qualtiy Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014). There, after canvassing the law of the First, Second, and Third Circuits, the Ninth Circuit Court of Appeals concluded that—although

1    detailed facts and an approximation of hours is not necessary—a Plaintiff must identify a

2    given workweek "that she worked more than forty hours in . . . without being compensated

3    for the hours worked in excess of forty during that week." *Id.* at 644–45. In other words,

4    without more, a plaintiff who alleges she regularly worked over forty hours a week without

5    overtime compensation does not satisfy Rule 8(a)'s requirement of a "short and plain

6    statement of the claim showing that the pleader is entitled to relief." *Id.* at 642; *see also*

7    *Ratcliffe v. Apex Sys., LLC*, No. 3:19-cv-01688-WQH-MDD, 2019 WL 5963759, at *3

8    (S.D. Cal. Nov. 13, 2019) (collecting cases dismissing FLSA claims for failure to identify

9    a specific workweek).

10         Here, Plaintiff's allegations suffer from the same deficiencies identified in *Landers*.

11    She simply alleges that she "routinely" worked over forty hours in a workweek, in addition

12    to weekends, seemingly without any compensation. (Doc. 1 at 4). "[A]bsent from the[se]

13    allegations . . . , however, [is] any detail regarding a given workweek when [she] worked

14    in excess of forty hours and was not paid overtime for that given workweek and/or was not

15    paid minimum wages." *Landers*, 771 F.3d at 646. The complaint fails to supply "sufficient

16    detail about the length and frequency of [her] unpaid work to support a reasonable inference

17    that [she] worked more than forty hours in a given week." *Id.* (quoting *Nakahata v. New

18    York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013)). As was true there,

19    Plaintiff's general allegation raises only the possibility of undercompensation in violation

20    of the FLSA, which falls short of what Rule 8(a) requires. *Id.*

21         Although *Landers* did not address the pleading standards for comparable state-law

22    wage claims, courts have found it "instructive as to the pleading standard applicable to

23    such claims." *Avalos v. Amazon.com LLC*, No. 1:18-cv-00567-DAD-BAM, 2018 WL

24    3917970, at *3 (E.D. Cal. Aug. 14, 2018) (collecting cases); *see also Solie v. Health

25    Care@Home LLC*, No. CV-19-05399-PHX-JJT, 2020 WL 1821257, at *5–6 (D. Ariz. Apr.

26    10, 2020) (applying *Landers* to Arizona's minimum wage statute). Thus, for the same

27    reasons, Plaintiff's claim for withheld regular wages is also inadequately pleaded. Again,

28    Plaintiff fails to identify any specific week during which Defendants failed to compensate

1    her. Instead, she general alleges only that she "was not paid all her earned wages by"

2    Defendants. (Doc. 1 at 6). Under *Landers*, such an allegation does not rise above the level

3    of a mere possibility without the support of further underlying facts.

4          Accordingly, because of the serious deficiencies in Plaintiff's complaint, the Court

5    must conclude that these two factors weigh against entry of default judgment here.

6    **B.  Sum of Money**

7          Under this factor, "the Court considers the amount of money at stake in relation to

8    the seriousness of [Defendants'] conduct." *Bankers Ins. Co. v. Old W. Bonding Co., LLC*,

9    No. CV11-1804 PHX DGC, 2012 WL 2912912, at *2 (D. Ariz. July 16, 2012). Because

10   Plaintiff seeks an award of monetary damages, she must prove up her damages with

11   evidence. *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

12         Although Plaintiff seeks a statutory damages award for her overtime pay, which

13   generally supports entry of default judgment, *Elektra Entm't Grp. Inc. v. Crawford*, 226

14   F.R.D. 388, 393 (C.D. Cal. 2005), the majority of the damages she seeks stems from her

15   request for treble damages in the amount of $55,461.81 for wrongly withheld regular pay.

16   (Doc. 19-1 at 3). The award of treble damages for withheld wages is discretionary even

17   when a defendant defaults. *Neis v. Heinsohn/Phoenix, Inc.*, 628 P.2d 979, 984 (Ariz. Ct.

18   App. 1981). Generally, the propriety of a treble-damages award turns on the employer's

19   bad faith. *See Calisi v. United Fin. Servs., LLC*, 302 P.3d 628, 635 ¶ 29 (Ariz. Ct. App.

20   2013).

21         Plaintiff's only supporting evidence for both her federal and state-law claims is her

22   counsel's affidavit. (Doc. 19-1). She does not even proffer her own sworn statement

23   attesting to the number of hours she worked and what portion of those hours she went

24   without regular or overtime compensation. More fundamentally, the statement of her

25   lawyer is not evidence on which a damages award can be based. *Ammini Innovation Corp.*

26   *v. KTY Intern. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (noting that evidence

27   must usually be admissible to prove up damages). Thus, this affidavit is insufficient to

28   show entitlement to any damages.

1    The absence of any evidence supporting a damages award creates a defect that tips

2    this factor against entry of default. Without any evidence of bad faith, the Court is unable

3    to conclude that a treble damages award is appropriate. As a result, the Court also cannot

4    conclude that the requested damages award is reasonable in relation to the seriousness of

5    Defendants' conduct. Accordingly, this factor weighs against entry of default judgment.

6    **C. Remaining *Eitel* Factors**

7    On balance, the remaining *Eitel* factors do not weigh strongly either for or against

8    entry of default judgment. First, the policy in favor of merits decisions almost always

9    weighs against entry of default judgment but it is not dispositive where, as here, the failure

10   to answer "makes a decision on the merits impractical, if not impossible." *PepsiCo Inc.*,

11   238 F. Supp. 2d at 1177. Second, absent a default judgment, Plaintiff will likely be

12   prejudiced by Defendants' failure to participate in this litigation. *HPSC, Inc. v. Porter*, No.

13   CV-08-0084-PHX-DGC, 2008 WL 942288, at *1 (D. Ariz. Apr. 7, 2008). Third, it is

14   unclear what the possibility of disputed facts is. Although the Court found the complaint

15   to fall well-below the plausibility standard, it is also true that Defendants were served,

16   (Doc. 12), and have not come forward to dispute Plaintiff's allegations. Fourth, and finally,

17   it is similarly unlikely that Defendants default resulted from excusable neglect given the

18   fact that they were served.

19   Accordingly, because the Court finds that three *Eitel* factors weigh heavily against

20   default judgment, and the remaining factors do not point strongly either way, the Court will

21   not enter default judgment at this time. To be clear, much of why those factors weigh

22   against entering default judgment could be ameliorated by an affidavit from Plaintiff

23   herself that addresses the deficiencies identified herein. For example, an affidavit might be

24   able to identify a given work week that Plaintiff worked more than forty hours in without

25   overtime. An affidavit might also be able to provide detail about how frequently her

26   employer withheld wages, which could also support a treble damages award. Absent such

27   evidence, however, the totality of the *Eitel* factors weigh against entering default judgment.

28   / / /

1    **III.**    **CONCLUSION**

2       For these reasons,

3       IT IS ORDERED that Plaintiff Cherie Harbaugh's Application for Default

4 Judgment (Doc. 19) is DENIED without prejudice. Within fourteen days of the date of this

5 order, Plaintiff shall either amend her complaint (and re-serve Defendants) or file another

6 motion for entry of default judgment, along with accompanying affidavit(s), that cures the

7 deficiencies identified herein

8       IT IS FURTHER ORDERED that the Motion for Attorneys' Fees and Costs (Doc.

9 20) is DENIED as premature. Any future motion for fees must be procedurally complaint

10 with LRCiv. 54.2. Requests for taxable costs are to be filed with the Clerk of the Court.

11 LRCiv. 54.1(a).

12       IT IS FURTHER ORDERED that fictional defendants John and Jane Does I – IV,

13 Corporations I – V, and XYZ Partnerships I – V are DISMISSED.[1]

14       Dated this 1st day of June, 2020.

15

16

17

18                               James A. Teilborg
                               Senior United States District Judge

19

20

21

22

23

24

25

26

27

28    [1] *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 686–87 (9th Cir. 1956).