**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cherie Harbaugh, | No. CV-19-04720-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Pacific Capital Enterprises LLC, et al., | |
| Defendants. | |

On June 22, 2020, this Court denied Plaintiff Cherie Harbaugh's ("Plaintiff") second motion for default judgment and gave her 14 days to file an amended motion curing the defects identified therein. (Doc. 28 at 7). Plaintiff has not complied with that order. On its own motion, the Court will now dismiss this action in accordance with Federal Rule of Civil Procedure ("Rule") 41(b).

## I.    BACKGROUND

Plaintiff filed a complaint in this Court on July 15, 2019, bringing claims under the Federal Labor Standards Act of 1938 ("FLSA"), Arizona's wage statute, and common-law claims for breach of contract, violation of the implied covenant of good faith and fair dealing, and unjust enrichment. (Doc. 24 at 1–2). The complaint made general allegations that her employers, Pacific Capital Enterprises, LLC, Superior Diamond Management, LLC, Michael Barry Eckerman, and Tonya Eckerman ("Defendants") did not pay "her earned wages including her earned overtime pay and minimum wage." (Doc. 1 at 4). She also generally alleged that Defendants did not keep adequate records of her hours. (*Id.* at

5). None of the Defendants answered Plaintiff's complaint, and the Clerk of the Court entered default on January 8, 2020. (Doc. 17).

Plaintiff then moved for entry of default judgment. (Doc. 19). After considering the factors laid out in *Eitel v. McCool*, 782 F.2d 1470–72 (9th Cir. 1986), however, the Court was unable to grant this motion. (Doc. 24 at 7). In particular, the Court found that Plaintiff's general allegations had failed to state a FLSA claim or a state-law wage claim under *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014). (Doc. 24 at 2–5). Thus, the Court could not conclude that Plaintiff had a meritorious claim. (*Id.* at 5). Furthermore, Plaintiff's only real evidence of damages was her lawyer's affidavit that stated her FLSA claim "includes" 29 hours of unpaid overtime. (Doc. 19-1 at 2). Because Plaintiff had not specified the amount of hours for which she had not been compensated, the Court could not conclude the sum of money at stake was reasonable in relation to Defendants' conduct. (Doc. 24 at 5–6). Given these conclusions, the Court denied Plaintiff's default judgment motion without prejudice to re-filing another motion for default judgment that cured the deficiencies the Court had identified. (*Id.* at 7).

Three days later, Plaintiff did so. (Doc. 25). In her second motion, Plaintiff increased her requested damages, alleging for the first time that Defendants had not compensated her for 180 hours of overtime. (Doc. 25-1 at 2). Plaintiff's overtime claim was not the only thing that increased in her second motion—her state-law wage claim had increased by $6,376.77. (*Id.* at 3). To support this increase in requested damages, Plaintiff submitted an affidavit and two spreadsheets purporting to chart her unpaid hours. (Doc. 25-2). As the Court explained in its prior order, "[w]hen the relevant numbers of each spreadsheet [were] added together, the sum of each [was] different and neither [was] 180." (Doc. 28 at 3). Given these inconsistencies, the same problems identified in the Court's earlier order continued to afflict Plaintiff's second motion for default judgment. (*Id.* at 4). Moreover, the information provided in that affidavit indicated that Plaintiff was possibly an exempt salaried employee under the FLSA. (*Id.* at 6–7). Accordingly, the Court again denied Plaintiff's motion for default judgment without prejudice, giving her 14 days to refile

1    another motion for default judgment and even providing her with a list of items that could

2    cure the deficiencies of both motions. (*Id.* at 7). Since that time, however, Plaintiff has not

3    acted.

4    **II.**    **RULE 41(b)**

5            Rule 41(b) recognizes courts' inherent authority to dismiss when a party fails to

6    comply with court orders. *See Link v. Wabash Ry.*, 370 U.S. 626, 629–30 (1962). Although

7    a court need not make explicit findings, it must consider these factors before dismissing:

8    "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

9    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

10    disposition of cases on their merits; and (5) the availability of less drastic alternatives."

11    *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (first quoting *Thompson v.*

12    *Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan*, 779

13    F.2d 1421, 1423–24 (9th Cir. 1986)). "The first two of these factors favor the imposition

14    of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.

15    Thus[,] the key factors are prejudice and availability of lesser sanctions." *Wanderer v.*

16    *Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

17            On balance, these factors weigh in favor of dismissal here. The first two factors

18    weigh especially strongly in favor of dismissal because the Court has already expended

19    judicial resources on two deficient motions for default judgment. Plaintiff's repeated

20    failure to provide the Court with accurate, consistent, and trustworthy information caused

21    the Court to spend unnecessary time on her case that could have been spent on other

22    matters. Since default has been entered, the prejudice to Defendants if the Court does not

23    dismiss may not appear overwhelming at first blush. Nonetheless, as the Court has

24    previously noted, Plaintiff's increasing damages requests in her successive default

25    judgment motions implicate the kind of fairness problems that Rule 54(c) was meant to

26    avoid. (Doc. 28 at 5) ("By prohibiting default judgments from 'differ[ing] in kind . . . or

27    exceed[ing] in amount, what is demanded in the pleadings,' Rule 54(c) means to provide a

28    defendant notice of the damages being sought against her so that she can make an informed

economic decision about whether to answer."). A further (and perhaps still greater) request for damages would continue to implicate those same concerns. While the policy in favor of deciding cases on their merits always weighs against dismissal, the Court notes that Plaintiff has frustrated that policy in both of her previous motions for default judgment. In particular, the internally inconsistent affidavit filed with her second motion prevented the Court from concluding she had a meritorious claim.

Realistically, only one less drastic sanction is available. With certain exceptions not applicable here, a Rule 41(b) "operates as an adjudication on the merits" unless the order of dismissal states otherwise. In the case at bar, a dismissal with prejudice would be unduly harsh. Thus, this action will be dismissed without prejudice.

III. **CONCLUSION**

For these reasons,

IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b). The Clerk of the Court shall enter judgment accordingly.

Dated this 6th day of August, 2020.

James A. Teilborg
Senior United States District Judge